Filed 5/9/23  P. v. Mayzes CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>TOMAS MAYZES,<br><br>　　　Defendant and Appellant. | A163871<br><br>(Contra Costa County Super. Ct. No. 5-192132-9, 2-333648-4, 2-334204-5) |

　　　Tomas Mayzes appeals from orders finding him not competent to stand trial and committing him to the Department of State Hospitals pursuant to Penal Code section 1370 et seq.[1]  His appointed appellate counsel filed a brief setting forth the applicable facts and law pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1026 (*Blanchard*).  Appointed counsel informed Mayzes that he could file a supplemental brief, but he has not done so.  Our discretionary review of the record discloses no arguable issues, and we therefore affirm.

---

　　　[1] Further statutory references will be to the Penal Code except as otherwise specified.

1

## BACKGROUND

On November 22, 2019, an information was filed in Case No. 5-192132-9 charging Mayzes with five felonies committed on or about April 2, 2016: Driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a) (count 1); receiving stolen property (motor vehicle) (§ 496D, subd. (a) (count 2); fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2) (count 3); fleeing a pursuing peace officer's motor vehicle and driving against traffic (Veh. Code, § 2800.4) (count 4); and resisting an executive officer (§ 69) (count 5). Mayzes initially pleaded not guilty. On February 10, 2020, the information was amended to charge count 1 as a misdemeanor and add a misdemeanor count of resisting a peace officer (§ 148, subd. (a)) (count 6). Mayzes withdrew his not guilty plea and entered a plea of no contest to the felony charged in count 3 and the misdemeanor counts 1 and 6. The remaining charges were dismissed. On the same date, Mayzes was placed on formal probation for a period of three years, with 90 days to be served in county jail.

On December 1, 2020, a complaint was filed in Case No. 2-333648-4, alleging that on or about November 26, 2020, Mayzes committed an assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) and personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). The preliminary hearing was continued a number of times and ultimately set for April 27, 2021.[2] Meanwhile, Mayzes was released on his own recognizance.

On March 10, a complaint was filed in Case No. 2-334204-5 alleging that Mayzes committed an assault with a deadly weapon (BB gun) on March 8, while released from custody on bail or own recognizance in Case

---

[2] All subsequent references to dates will be to the year 2021.

No. 2-333648-4 (§ 12022.1) and in violation of probation in Case No. 5 192132-9. A petition to revoke probation in Case No. 5-192132-9 was filed, and the court revoked probation on March 11.

Mayzes was held to answer in Case No. 2-334204-5 after a preliminary hearing on April 13, and in Case No. 2-333648-4 after a preliminary hearing on April 27. A felony information was filed in Case No. 2-334204-5 on April 20 and in Case No. 2-333648-4 on May 6. Mayzes pleaded not guilty and denied the enhancement allegations in both cases.

On May 26, defense counsel declared a doubt as to Mayzes's competency. Criminal proceedings in the three cases were suspended pursuant to section 1368 and two mental health experts were appointed to evaluate Mayzes. The experts reached different conclusions: Melissa Johnson, Psy.D., concluded Mayzes was not competent to stand trial and Stephanie Williams, Ph.D., concluded Mayzes was competent to stand trial. The court appointed a third expert, Corey Hahn, Psy.D., who concluded Mayzes was not competent to stand trial.

On September 15, defense counsel and the People submitted on the evaluators' reports. Mayzes addressed the court personally, strenuously insisting he was competent and demanding to go immediately to trial. The court found Mayzes incompetent to stand trial (§ 1370, subd. (a)(1)(B)) and referred him to the Contra Costa Conditional Release Program (CONREP) for a placement recommendation (§ 1370, subd. (a)(2)(A)). On October 6, the court committed Mayzes to the Department of State Hospitals for a maximum of two years (§ 1370, subd. (c)(1).)

Mayzes filed a timely notice of appeal on October 19.

## DISCUSSION

In *Ben C.*, our Supreme Court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.) The reviewing court may then dismiss the appeal if there are no arguable issues. (*Id.* at p. 544.) The *Ben C.* procedure applies to appeals of competency proceedings. (*Blanchard, supra,* 43 Cal.App.5th at pp. 1025-1026.)

Here, Mayzes's appointed appellate counsel followed *Ben C.* and *Blanchard.* Counsel reviewed the record, found no arguable issues and so informed Mayzes; filed his brief in this court and served Mayzes with a copy; and informed Mayzes that he could file a supplemental brief. Although counsel recognizes that, under *Blanchard,* we are not required to independently review the record, he asks us to exercise our discretion to conduct an independent review. (*Ben C., supra,* 40 Cal.4th at p. 544, fn. 7 [appellate court may choose to retain an appeal rather than dismiss it].)

We have reviewed the record. The finding Mayzes was not competent to stand trial was supported by substantial evidence. The commitment ordered by the court is authorized by law and supported by CONREP's recommendation. Mayzes was represented by able counsel.

## DISPOSITION

The orders finding Mayzes incompetent to stand trial and committing him to the Department of State Hospitals are affirmed.

_____

STEWART, P.J.

We concur.

_____

RICHMAN, J.

_____

MARKMAN, J.*

*People v. Mayzes* (A163871)

_____

\* Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.